AO 106 (Rev. 04/10) Application for a Search Warrant

# SEALED UNITED STATES DISTRICT COURT
for the
District of Nebraska

In the Matter of the  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 8:17MJ212
 )
Use of a Cell-Site Simulator to locate the Cell Device )
Assigned Call Number 402-769-5107 )
 )

**FILED**
US DISTRICT COURT
DISTRICT OF NEBRASKA
JUN 12 2017
OFFICE OF THE CLERK

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A

located in the _____ District of ___Nebraska___, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C 841 (a)(1) | PWID marijuana |
| 18 U.S.C 924 (c) | Use/Carry/Possess a firearm |

The application is based on these facts:
See Affidavit. To ensure technical compliance with the pen register statute 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order. Consistent with the requirement for an application for a pen register, I certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the FBI. See 18 U.S.C. §§ 3122(B), 3123(B).

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

SA Shane Knopp, United States Marshals Service
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 6-12-17

_____
*Judge's signature*

City and state: Omaha, Nebraska     Susan M. Bazis, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR NEBRASKA

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBER 402-769-5107 | Case No. 8:17MJ212<br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, **Shane Knopp**, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number **402-769-5107,** (the "Target Cellular Device"), which is described in Attachment A.

2. I am a Deputy U.S. Marshal with the **United States Marshals Service**, and have been since **17 February 2010**. As part of training to become a Deputy U.S. Marshal, your affiant attended six months of specialized training sponsored by the Federal Law Enforcement Training Center in Glynco, Georgia. As a result of this training, your affiant has been certified as a Federal Criminal Investigator and has received specific training involving violations of federal law, including both narcotics and firearms related offenses. Your affiant has also received United States Marshals Service specific training in the determination of probable cause and in the use of warrants and court orders to conduct fugitive investigation as well as to conduct electronic surveillance. Your affiant is currently assigned to the Omaha, Nebraska Field Office

and has conducted and participated in numerous fugitive investigations involving electronic surveillance.

3.   The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.   One purpose of applying for this warrant is to determine with precision the Target Cellular Device's location. However, there is reason to believe the Target Cellular Device is currently located somewhere within this district because Cell-site data obtained for the Target Cellular Device indicated that it was found in this district in the last 24-48 hours. Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Device outside the district provided the device is within the district when the warrant is issued.

5.   Based on the facts set forth in this affidavit, there is probable cause to believe that **Khyre HOLBERT** has violated Title 18 U.S.C 924 (c) and Title 21 U.S.C 841 (a)(1). **Khyre HOLBERT** was charged with these crimes on **12 June 2017** and is the subject of an arrest warrant issued on **12 June 2017**. There is also probable cause to believe that the Target Cellular Device's location will assist law enforcement in arresting **Khyre HOLBERT**, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6.   Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18

U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

7. On January 31, 2017, ATF Special Agents and Omaha Police Department detectives formulated plans to conduct a controlled purchase of a firearm and one ounce of crack cocaine from Khyre HOLBERT using a documented ATF confidential informant (CI). Prior to conducting the operation, agents and detectives met with the CI at a pre-determined location and searched the CI and the CI's vehicle for contraband. None was found. The CI was equipped audio/visual recording devices and provided with $2,500.00 of ATF agent cashier funds to purchase the firearm and cocaine.

8. The CI departed the meet location and was followed by agents/detectives to 3331 N. 53rd St. Khyre HOLBERT entered the CI's vehicle and sat in the front passenger's seat. After a short period, Khyre HOLBERT exited the CI's vehicle and the CI returned to the pre-determined meet location. The CI was followed by agents/detectives back to the pre-determined location.

9. The CI turned over a Taurus model PT24/7 G2 .40 caliber pistol bearing serial number SGX88322 as well as 29 grams of crack cocaine. The CI and the CI's vehicle were again searched for contraband. None was found. During debriefing, the CI stated when HOLBERT entered the vehicle he/she provided HOLBERT with $1,000 of agent cashier funds for the Taurus pistol and $1,500 of agent cashier funds for the crack cocaine. The CI stated that he/she spoke with HOLBERT about other potential firearms HOLBERT could sell in the future as well as other unrelated topics.

10. The transaction between the CI and HOLBERT was recorded. An ATF

Task Force Officer viewed the video and positively identified HOLBERT as the subject who sold the Taurus PT24/7 G2 .40 caliber pistol.

11. HOLBERT is fully identified as Khyre HOLBERT, black male, date of birth 06/24/1994.

12. Based on your affiant's training and experience he is aware that Taurus firearms are not and have never been manufactured in the State of Nebraska. Therefore, the Taurus PT24/7 G2, .40 caliber pistol bearing serial number SGX88322 traveled in and affected interstate commerce.

13. Based upon the above information, your affiant believes that on or about January 31, 2017 Khyre HOLBERT, knowingly sold a firearm and 29 grams of crack cocaine in violation of 18 U.S.C. 924(c) as well as 21 U.S.C. 841(a)(1). These violations occurred within Omaha, Douglas County, in the District of Nebraska.

14. The CI has also provided information to the ATF and the USMS that HOLBERT has used phone number 402-769-5107 to communicate with the CI in the course of the investigation. Based on this information, a court order and search warrant for this number were obtained and served to Sprint Communications on 23 May 2017 in the District of Nebraska. An analysis of the historical information from this phone number, including call-detail records HOLBERT.

15. As a result, there is probable cause to monitor this phone number in order to track and locate fugitive Khyre HOLBERT.

## MANNER OF EXECUTION

16.     In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

17.     To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

18.     The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from

devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

## AUTHORIZATION REQUEST

19. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

20. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and [continue to] flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

21. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

22. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

23. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

_____
Shane A. Knopp
Special Agent
United States Marshals Service

Subscribed and sworn to before me
On: 6-12-17

_____
Susan M. Bazis
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number (402) 769-5107, whose wireless provider is Sprint Communications, and whose listed subscriber is Unknown.

## ATTACHMENT B

Pursuant to an investigation of Khyre HOLBERT for a violation of Title 18 U.S.C 922 (c) and Title 21 U.S.C 841 (a)(1), this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and
2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).

 

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Nebraska

| | |
|---|---|
| In the Matter of the <br> *(Briefly describe the property to be searched <br> or identify the person by name and address)* <br><br> Use of a Cell-Site Simulator to locate the Cell Device <br> Assigned Call Number 402-769-5107 | ) <br> ) <br> )  Case No.  8:17MJ212 <br> ) <br> ) <br> ) |

## SEARCH AND SEIZURE WARRANT

To:  Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____ Nebraska _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before _____ June 25, 2017 _____  *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Susan M. Bazis _____ .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for  30  days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:  6-12-17 at 3:36 p.m.   _____
                                              *Judge's signature*

City and state:  Omaha, Nebraska           Susan M. Bazis, U.S. Magistrate Judge
                                              *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.: 8:17MJ212 | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*